# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE SMITH, | CASE NO. 1:10-CV-00428-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| v. | ACTION WITHOUT PREJUDICE |
| ROBERT L. AYRIS, JR., et al., | (DOC. 4) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.      Background**

Plaintiff Stevie Smith ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action in the Northern District of California on January 19, 2010. This action was transferred to this Court on February 26, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2  1915(e)(2)(B)(ii).

3        A complaint must contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
7  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
8  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,
9  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

10  **II.**   **Summary Of Complaint And Analysis**

11        Plaintiff is currently incarcerated at California State Prison - Corcoran ("CSP"), in
12  Corcoran, California. Plaintiff names as Defendants Robert L. Ayris, Jr., Darden, and A. K.
13  Scribner.

14        Plaintiff contends the following. Plaintiff was in prison from July 7, 1994 to July 19,
15  1995 in Lancaster State Prison. Plaintiff contends that Defendants Darden and Ayris put a hold
16  on Plaintiff's release. Plaintiff has been in prison ever since. Plaintiff contends that there is no
17  evidence for his continued incarceration. Plaintiff requests as relief release from prison, and to
18  sue the state.

19        "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the
20  relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state
21  conduct leading to conviction or internal prison proceedings) - *if* success in that action would
22  necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544
23  U.S. 74, 81-82 (2005). This principle, known as the favorable termination rule, *see Heck v.*
24  *Humphrey*, 512 U.S. 477, 483-87 (1994), is applicable in this action. Because Plaintiff's request
25  for relief, if successful, would result in Plaintiff's duration of confinement being reduced,
26  Plaintiff does not state a cognizable § 1983 claim. Plaintiff's claim fails as a matter of law.

27        The undersigned does not recommend leave to amend, as there are no set of facts which
28  can be alleged which will cure the deficiencies in this complaint. *Lopez v. Smith*, 203 F.3d 1122,

1130-31 (9th Cir. 2000) (en banc).  The undersigned recommends dismissal of the action without prejudice as the proper remedy.  *Heck*, 512 U.S. at 487.  This dismissal for violation of *Heck* should count as a strike pursuant to 28 U.S.C. § 1915(g).

### III.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that

1)     This action be dismissed without prejudice pursuant to the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994); and

2)     The dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 9, 2010**                    /s/ **Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE

3